Judgment of conviction of the County Court of Kings county affirmed.

---

JESSIE E. PURICK, as Administratrix, etc., of C. FRED PURICK, Deceased, Plaintiff, *v.* PORT JEFFERSON ELECTRIC LIGHT COMPANY, Defendant, Impleaded with EVERETT E. WHEELER, Individually and as Administrator, etc., of WILLIAM T. WHEELER, Deceased, and Others, Appellants.

HARRY LEE, as Receiver of PORT JEFFERSON ELECTRIC LIGHT COMPANY, Respondent.

Second Department, January 31, 1919.

Corporations — sequestration of property — claim by officer of corporation for preference — evidence — ledger entries in handwriting of claimant — minute book containing resolution of stockholders in handwriting of claimant.

In an action to sequester the property of a corporation, ledger entries of corporate indebtedness made in his own handwriting by the secretary, treasurer and general manager of the defendant, are incompetent to prove such corporate indebtedness to him.

But the minute book of the corporation containing a resolution of the stockholders in the handwriting of such claimant should be received when supported by the evidence of a stockholder who was present, although possibly with some reserve, by reason of the intimate relations between the corporation and the claimant whom the resolution is to serve.

APPEAL by the defendants, Everett E. Wheeler, individually and as administrator, and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Suffolk on the 3d day of July, 1918, confirming the report of a referee, directing the

receiver to disallow all claims for preference, and making certain allowances for legal expenses.

The action was brought to sequester the property of the defendant, Port Jefferson Electric Light Company, by plaintiff, who was a judgment creditor.

*John R. Vunk,* for the appellants.

*Percy L. Housel,* for the respondent.

PER CURIAM:

The order of the Special Term refusing to decree any preference to any of the proven claims was right and consistent with previous orders in this proceeding.

The claim of the Wheeler estate was attempted to be sustained by entries in the corporate books, which account entries were all in Mr. Wheeler's handwriting. At this time he was the secretary, treasurer and general manager, and had also been one of the original organizers or promoters of the corporation. Ledger entries made in such special circumstances were incompetent to prove a corporate indebtedness to him, because: *First.* They were self-serving. *Second.* They were not such business transactions as sales or deliveries of goods provable by shop-book entries. *Third.* They related to loans or advances which ordinarily are evidenced by bills, notes and like evidences of debt, established generally by checks or other proof rendering account-book entries not the best evidence.

The resolution of the stockholders passed at a meeting of January 30, 1915, stands on a different footing. The learned referee excluded the proof from the minute book because in Mr. Wheeler's handwriting. When a stockholder was called to testify to this action of the corporation then voted, the objection was made and sustained that the writing itself would be the best evidence. Like rulings shut out testimony to what was done at this stockholders' meeting, and further excluded the testimony of the cashier of the Port Jefferson Bank, that a copy of such resolution was delivered to him at said bank in connection with a note accepted for discount.

Without attempting to say what weight should be given

to such evidence, it seems clear that such testimony of corporate acts embodied in the form of a resolution should have been received when supported by the evidence of a stockholder who was present, although possibly with some reserve by reason of the intimate relations between the corporation and its secretary, whom the resolution was to serve.

The order appealed from, so far as it overruled the exceptions filed on behalf of Everett E. Wheeler, as administrator of the estate of William T. Wheeler, deceased, should be reversed, with costs payable out of the fund in the receiver's hands, and the matter of such claim sent back to the present referee for further hearings, in respect to such Wheeler claim.

JENKS, P. J.; MILLS, PUTNAM, KELLY and JAYCOX, JJ., concurred.

Order appealed from, so far as it overruled exceptions on behalf of Wheeler, reversed, with costs payable out of the fund, and matter sent back to the referee for further proceedings. Order to be settled on five days' notice before Mr. Justice PUTNAM.